IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

RHODNA THOMPSON AND
KEITH THOMPSON                                                                    PLAINTIFFS

VS.                          CASE NO. 3:06CV00193 JMM

SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY                                                        DEFENDANT

# ORDER

Pending before the Court is Plaintiff's Motion to Reconsider Order Denying Plaintiffs' Motion for Attorney Fees. For the reasons stated below the motion is denied (#21).

On October 19, 2006, defendant removed this case to federal court from Craighead County Circuit Court on the basis of diversity jurisdiction. The complaint sought to collect under an insurance policy having a policy limit of $100,000.00.

A jury trial was set for the week of May 14, 2007. On January 15, 2007 defendant filed an Offer of Judgment stating "Farm Bureau offers to tender its policy limits of $100,000 as an offer of judgment, but denies any liability for costs, penalty, interest or attorney's fees."

On January 23, 2007, plaintiff filed an Acceptance of offer of Judgment which stated "Rhonda Thompson and Keith Thompson, hereby accept the offer made by defendant in its Offer of Judgment served on January 15, 2007, by which defendant offered to allow judgment to be taken against it for $100,000.00 pursuant to Rule 68 of the Federal Rules of Civil Procedure."

On February 1, 2007 the Clerk entered judgment in favor of the plaintiffs in the sum of $100,000.00 pursuant to Rule 68 of the Federal Rules of Civil Procedure.

Defendant subsequently filed a pleading entitled "Tender of Funds in Satisfaction of Judgment" which stated that plaintiffs' counsel refused to accept the tendered monies or to sign consent order of dismissal or a satisfaction of judgment. Defendant tendered a copy of the check and requested a hearing.

1

Plaintiff subsequently filed a "Motion to Award Statutory Penalty, Attorney Fees and Prejudgment Interest" contending that plaintiffs were entitled to 12% statutory penalty and attorney fees pursuant to Arkansas Code Annotated § 23-79-208.

On February 15, 2007, the Court held a hearing on defendant's motion and in doing so addressed plaintiffs' motion. The Court held that based upon contract law, defendant' offer of a lump sum offer of judgment was an unambiguous offer which did not include penalty, interest, or attorney fees and that plaintiff accepted the offer making it a binding contract. The Court's specific denial of plaintiffs' motion for penalty and attorney fees was memorialized by a February 15, 2007 Order.

The Court will treat plaintiff's Motion to Award Statutory Penalty, Attorney Fees and Prejudgment Interest as a Federal Rule of Civil Procedure 59 Motion to Alter or Amend Judgment resulting in plaintiff's motion being timely filed.

"Federal Rule of Civil Procedure Rule 59(e) allows the district court to alter or amend a judgment so that the district court can 'rectify its own mistakes in the period immediately following the entry of judgment.'" *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 869 (8th Cir. 2006) (quoting *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982).

Here, plaintiff argues that the Court has made an error of law. *See United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930 (8th Cir. 2006) (Rule 59(e) motion functions to corrects manifest errors of law). Plaintiffs contend that because Federal Rule of Civil Procedure 68 specifically provides that the offer of judgment includes costs and because plaintiffs' acceptance of defendant's offer specifically provided it was pursuant to Rule 68, they are entitled to costs even though defendant's offer did not state that costs were included. Alternatively, plaintiffs contend defendant's Rule 68 offer was void because it did not include costs.

The Court cannot agree and finds that defendant made an unambiguous offer to settle the case for $100,000.00 which did not include any liability for costs, penalty, interest or attorney's fees and that plaintiffs accepted without any reservations. *See Stewart v. Professional Computer Centers, Inc.*, 148

2

F.3d 937 (8th Cir. 1998) ("Principles of contract law are applied to test whether there has been a valid offer and acceptance under Rule 68."). Under contract law, the unambiguous language of a contract must be given its plain meaning and full effect. *See Matrix Group Ltd., Inc. V. Rawlings Sporting Goods*, 477 F.3d 583, 589 (8th Cir. 2007).

Finally, an offer under Rule 68 which does not include costs would not be a void offer as a party may waive his or her statutory eligibility for costs or attorney's fees as part of a settlement agreement. *Cf. Evans v. Jeff D.*, 475 U.S. 717, 731-32, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986) ("[W]hile it is undoubtedly true that Congress expected fee shifting to attract competent counsel to represent citizens deprived of their civil rights, it neither bestowed fee awards upon attorneys nor rendered them nonwaivable or nonnegotiable; instead, it added them to the arsenal of remedies available to combat violations of civil rights, a goal not invariably inconsistent with conditioning settlement on the merits on a waiver of statutory attorney's fees."); *Armstrong v. Adams*, 869 F.2d 410, 412 (8th Cir. 1989) (settlement approved by district court included plaintiff's waiver of all claims for attorneys' fees and costs).

IT IS SO ORDERED THIS __9__ day of __April__, 2007.

_____
James M. Moody
United States District Court